## LOUIS BREZ v. THE STATE.

1. A paper which purports to be a voluntary confession of guilt, signed by the accused and properly certified by the magistrate, cannot be used in evidence on the trial of the party by whom it is signed until the magistrate is produced as a witness.

2. It is error to exclude from the jury evidence that a confession of guilt was induced by a promise not to prosecute, even though the confession discloses facts which may seem to demonstrate the truths of the confession.

APPEAL from Webb. Tried below before the Hon. William H. Russell.

Louis Brez was indicted for burglary, found guilty, and his punishment assessed at eight years imprisonment in the penitentiary. On the trial, a paper which appeared to set forth a written confession by Brez of his guilt, was read to the jury. To its introduction as evidence objection was made. The following certificate was attached to the paper:

"STATE OF TEXAS, ⎰ I hereby certify that the foregoing *County of Webb.* ⎱ statement of Louis Brez was voluntarily and freely made by him in open court, after said Brez was duly informed that he was not compelled to make a statement; and that said Brez duly signed the same in my presence, this thirtieth day of January, 1873.

"Witness my hand.

(Signed)                        "AUGUSTIN SALINAS,

"Mayor of Laredo, and *ex officio* J. P. of Webb Co."

One R. Martin was examined as a witness by the district attorney, and testified to the commission of a burglary, and that he had recovered goods stolen at the time, "in consequence of information from Brez, and that Brez told him where the goods were."

On cross-examination the defense asked the witness if he had not promised the accused that he should not be prosecuted if he told the whole truth, and helped to recover the property, objection to which was sustained; to which ruling an exception was taken.

The conversation with Brez testified to by Martin was two days before the signing of the written confession certified to by the mayor of Laredo.

*Browne,* for the State.

Ogden, P. J.—We think that Section 8 of the Bill of Rights of our Constitution, which secures to every person accused of an offense the right, upon his trial, to be confronted with the witnesses against him, has been violated in this case.

Upon the trial the court, against the objections of the defendant, permitted a certificate of a justice of the peace, before whom a preliminary examination was had, to the effect that defendant made a confession of guilt, to be read in evidence to the jury, without producing the magistrate upon the stand; thus depriving the defendant of the right of a cross-examination in regard to any matter stated in the certificate of confession, or to elicit any matters of explanation from the person whose statement was being used against him.

This is in direct violation of the letter and spirit of our Constitution, and law of the State (Art. 249, Paschal's Digest), and one of the fundamental principles of a free government. This error is fatal to the judgment of conviction, and will entitle the appellant to a new trial.

The court further erred in its ruling in regard to the cross-examination of R. Martin. The confessions of appellant could not be used against him, if made under the influence of persuasion or promise of favor, nor even when induced by a promise that he should not be prosecuted. (Paschal's Digest, 3126.) The object of the question ruled out by the court was to elicit the fact that defendant had been promised that if he would confess he should not be prosecuted, and we think the question legitimate and proper and should have been answered.

When an accused in making a confession, discloses certain facts which demonstrate the truth of the confession, such as the locality of stolen goods, or the place where certain instruments are secreted, with which the accused states that he committed the offense, then, under the stat-

ute, his statement may be given in evidence, notwithstanding any persuasion or promise of favor, but still the fact that the defendant had been persuaded to make the statement, would be proper evidence for the jury to consider.

For the reasons given the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.