### BEN S. BOONE v. J. T. REVIS.

1. BANKRUPTCY—JURISDICTION.—The State courts have concurrent jurisdiction with the bankrupt courts over liens on real estate of a bankrupt. The court having obtained jurisdiction first retains it.

#### ON· REHEARING.

2. LIENS, FORECLOSURE OF, IN BANKRUPTCY.—A creditor whose debt is secured by lien on real estate may enforce his lien notwithstanding the discharge in bankruptcy of his debtor, and although his claim was not proven up against the bankrupt's estate.

APPEAL from Wharton. Tried below before the Hon. W. H. Burkhart.

The facts appear in the opinion.      -

*J. T. Harcourt & C. H. Kendall*, for appellant.

*E. M. Pease*, for appellee.

OGDEN, JUSTICE.—This suit was commenced in the District Court of Wharton county in October, 1867, upon a promissory note and to enforce a vendor's lien. In December, 1868, Philips, the defendant below, assigned his property in bankruptcy, and in May, 1869, L. F. Harris, the assignee, made himself a party. Afterwards Boone, the appellant, intervened and claimed title to the land in controversy by virtue of a purchase from the assignee, Harris. The cause was tried by a jury, and a judgment was rendered for the plaintiff below, with a 'decree for the foreclosure of the vendor's lien, and Boone has appealed. The only question presented by the assignment of errors which need be noticed in this opinion is in regard to the jurisdiction of the District Court, in exclusion of that of the federal court, under the peculiar circumstances of the cause. And that question was fully considered and definitely settled in the case of Garnett *v.* Smith, decided at the last term of this

court. In that case it was decided that the State courts had concurrent jurisdiction with the bankrupt court in enforcing liens, and that whichever court first acquired jurisdiction could hold the same, and could proceed to a final adjudication of the matter. In the case at bar the District Court acquired jurisdiction of the subject-matter more than one year before the assignment of Philips, and therefore its jurisdiction could not be ousted by the bankrupt court. Boone, the appellant, acquired all the title he claims from the assignee after he had made himself party to this suit, and if he acquired any title at all it was subject to the judgment and decree of the court in this cause. There was a remittitur entered for a considerable sum, considering which we discover no error in the judgment of the lower court, and it is affirmed.

Opinion delivered February 24, 1873.

A rehearing was granted.

On rehearing *Long & Long* filed an elaborate argument for appellant.

GOULD, ASSOCIATE JUSTICE.—We adhere to the opinion affirming the judgment.

A creditor whose claim is secured by a lien on real estate may enforce his lien, notwithstanding the discharge in bankruptcy of his debtor, and although his claim was not proven up against the bankrupt's estate.

In the case of Elliot's Administrator *v.* Booth and Johnson, *supra*, p. 180, the decisions on this question were collected and reviewed, and the whole subject was so fully considered as to render its further discussion unnecessary. (See also Assignee of Nicks *v.* Perkins, 1 Wood, (U. S. C. C.,) 383; Davis *v.* R. R. Co., Id., 661.)

The jurisdiction of the court below to render the judgment of foreclosure may be upheld, without inquiring as to the power of the bankrupt court to sell free from incum-

brances land of which, prior to the bankruptcy, the State court had acquired jurisdiction in a suit to enforce a lien thereon. It is enough that it does not appear in this case that the bankrupt court ordered any such sale, nor that the assignee intended to sell, nor indeed that the purchaser, Boone, claimed to have bought otherwise than subject to incumbrances, if any really existed. The record shows no conflict of jurisdiction. The assignee made himself a party, not for the purpose of obstructing further proceedings, but in order that the litigation might proceed to final judgment. Under these circumstances there can be no question as to the jurisdiction of the court to go on and enforce the lien. (Doe v. Childress, 21 Wall., 643.)

Whilst the record is somewhat obscure as to disposition made of the plea setting up the discharge in bankruptcy, it is very clear that the court had no intention to give the discharge any further effect than to relieve the bankrupt from personal liability.

There is nothing in the proceedings or judgment of which the plaintiff in error, Boone, can complain, and the judgment is accordingly affirmed.

AFFIRMED.