D. V. SPRING v. JOHN EISENACH ET AL.

1. BANKRUPT SALE—LIEN—PURCHASER.—The title of a purchaser of land under a junior judgment, whose sheriff's deed has been duly recorded, is not affected by a subsequent sale of the same land, made by order of a Bankrupt Court, for the enforcement of a senior judgment lien, if the purchaser under the junior judgment was not a party to the bankrupt proceedings ordering the sale

2. LIMITATION—STATUTE CONSTRUED.—The title of a purchaser at such bankrupt sale, is not, under the circumstances above stated, sufficient to support the limitation of three years.

APPEAL from Travis.   Tried below before the Hon. E. B. Turner.

The opinion contains all facts necessary to a proper understanding of the case.

*Hancock, West & North,* for plaintiff in error.

I.  The court erred in not excluding from the jury the deed for these lots from the assignee of the bankrupt (M. W. Townsand) to J. H. Robinson.   (Jackson *v.* Butler, 47 Tex., 423; Elliott *v.* Booth, 44 Tex., 189; Boone *v.* Revis, 44 Tex., 384; Schmeltz *v.* Garey, 49 Tex., 49; Bankrupt Act, secs. 1, 14; Lockhart *v.* Ward, 45 Tex., 229.)

II.  The facts in evidence showed a want of power in the assignee of Townsand's estate to convey by his deed to Robinson the lots in controversy.

III.  The plaintiff in error, under the facts, showed a better title to the lots in suit than the defendants.

IV.  No statute of limitations is applicable to this case or can avail the defendants in error under the evidence.   (Harris *v.* Hardeman, 27 Tex., 249; Wright *v.* Daily, 26 Tex., 730; Thompson *v.* Cragg, 24 Tex., 597.)

*Sheeks & Sneed,* for defendants in error.

I.  The court did not err in admitting in evidence the deed from the assignee of Townsand to J. H. Robinson.   (Bankrupt Law, sec. 20; Bump's Bankruptcy, 6th ed., 147–149, 152, 153, 155, 156, 430; Davis *v.* Anderson, 6 B. R., 145.)

II.  The statute of limitation of three years does apply in this case.

Defendants and their vendor (Robinson) were purchasers without any actual notice of the adverse title or claim of Spring.  They paid the purchase-money at the dates of their respective deeds.   Robinson paid $700; Mary A. Eisenach

28

paid $2,000 in gold January 9, 1877. Defendants' deed from Robinson bears date January 13, 1872; was recorded January 15, 1872. Defendants took possession of the lots about one week after the date of the deed, and continued in possession, by themselves and tenants, from that date until the time of the trial. In the fall of 1872 defendants moved on the lots and made them their homestead, and were personally in continuous possession from that time until time of trial, paying all the taxes due thereon, claiming ownership, and believing in good faith that they had a good and perfect title to the lots. (Paschal's Dig., art. 4622.)

1. The statute of limitation of three years, like that of five years, is a statute of repose, and was intended to protect the weaker title against the stronger.

2. There cannot be a case in which the three years' statute would be applicable, without the superior title and the weaker title seeking the aid of the statute, at some time emanated from a common source.

3. It cannot be the rule, under the three years' statute, that the question as to whether the party invoking the three years' statute has title or color of title, should be determined by a comparison of the strength of his title with that of his adversary. If that were the rule, then the statute could only be made available to the party who has the stronger title and who does not need the aid of the statute.

4. The rule must be, that the question as to whether a party has such title or color of title as he can make available under the three years' statute, is to be determined by the title only of the party who seeks its protection.

5. In this case we will add that the title of defendants in error was not wanting in intrinsic fairness and honesty.

GOULD, ASSOCIATE JUSTICE.—It is believed that the questions of title and limitation on which this case turns have been passed upon by this court in former cases, and that a

brief statement of the case and reference to these decisions will suffice to dispose of it.

The plaintiff Spring claimed as purchaser under a valid judgment and execution sale, his sheriff's deed being promptly recorded on February 13, 1868. The defendants claim under a senior judgment lien, under which the lots were levied on in October, 1868, but, in consequence of the intervening bankruptcy of the judgment debtor, there was no sale. Subsequently, in September, 1869, the lots were sold under an order of the Bankrupt Court, the judgment having been proved up as a secured claim; and on January 13, 1872, the purchaser conveyed to defendants, who, about January 20, took possession in good faith, made valuable improvements, and have since occupied the premises as a homestead. Spring brought this action of trespass to try title on January 9, 1877, and the case being tried by the court without a jury, resulted in a judgment for defendants.

The recorded deed of plaintiff was notice of his claim, and the title and right of possession which he had acquired by his purchase and sheriff's deed were not affected by the subsequent sale by order of the Bankrupt Court for the enforcement of the senior judgment lien, the plaintiff not being in any way a party to the proceedings in that court. (Lockhart *v.* Ward, 45 Tex., 227; Schmeltz *v.* Garey, 49 Tex., 49; Morrow *v.* Morgan, 47 Tex., 304; Jackson *v.* Butler, 47 Tex., 423; Elliott *v.* Booth, 44 Tex., 189; Boone *v.* Revis, 44 Tex., 384.)

After the sheriff's sale to Spring, the title had passed out of the judgment debtor, and there being a complete hiatus in the title of defendants, it was insufficient to support the limitation of three years. (Thompson *v.* Cragg, 24 Tex., 597; Wright *v.* Daily, 26 Tex., 730; Harris *v.* Hardeman, 27 Tex., 248; Veramendi *v.* Hutchins, 48 Tex., 551.)

The plaintiff's title was sufficient to support his claim, and the defense of limitation was not made out. The judgment of the court on the issues presented was erroneous, and must

be reversed and the cause remanded for further proceedings. It is so ordered.

REVERSED AND REMANDED.