## E. G. French et al. v. Octavia C. Pyron et al.

Deed of trust — Foreclosure.— May be enforced against prop-
erty, notwithstanding the discharge of the debtor in bankruptcy,
and the debt had not been proven up.

Bankruptcy.— A discharge in bankruptcy does not release prop-
erty subject to a mortgage, although debt was not proved up.

Opinion by WALKER, J.

The first, second and third assignments of error question
the correctness of the ruling of the court below denying
the prayer for foreclosure of the trust deed, the oldest lien
upon the land. The other assignments (there are twenty-
one in all) relate to matters of practice and evidence not
material to ascertain the rights of the parties. At the time
of the trial below the supreme court of this state had held
that liens against a bankrupt could only be enforced in the
bankrupt court. It was in accordance with the authorita-
tive rulings of the supreme court that the court below dis-
regarded the efforts by the defendants to assert the right
of foreclosure against the land after Pyron's discharge in
bankruptcy. See Taylor v. Bennett, 38 Tex., 521, and John-
son v. Poag, 39 Tex., 95. These cases were expressly over-
ruled in Elliott v. Booth, 44 Tex., 189, and later decisions.
" A creditor whose claim is secured by lien on real estate
may enforce his lien, notwithstanding the discharge in
bankruptcy of his debtor, and although his claim was not
proven up against the bankrupt's estate." Boone v. Reiss,
44 Tex., 385. Also, Truitt v. Truitt, 38 Ind., 16; Pierce v.
Wilcox, 40 Ind., 70; Spring v. Eisenach, 51 Tex., 432;
Bump (7th ed.), pp. 146, 536, 540.

The holder of the lien, Margaretta Roberts, was not,
therefore, required to enforce the note and trust deed in
the bankrupt proceedings. The right to foreclose would
not be concluded by proceedings to which she was not
made a party. So far as we are advised by the record
special exceptions were urged to this deficit. De Cordova,

the assignee, did not bring into court, by any notice or citation, French or his assignee holding the note; nor did he take any proceedings to sell the land free from incumbrances. From all in the record, De Cordova only sold the equity of redemption. There was then pleaded by the defendant, Margaretta Roberts, a valid debt owned by her, not barred by limitations, secured by a deed of trust, having the effect of a mortgage after Pyron's death and prayer for foreclosure. All the parties interested were before the court. She was in no way interested in the question of ownership of the equity of redemption. Whether Sam G. French or the plaintiffs owned it she was equally entitled to have her debt satisfied out of these lands, or that they be sold for that purpose. This right was denied; this was error. If Pyron's homestead was upon the land at the date of the trust deed his widow and children comprising his family are entitled to the homestead exemption, free from incumbrance. It does not appear when the homestead right first attached to the land. For the error in the action in the court below in deciding from the pleadings that defendants had not the right to foreclose under their plea in reconvention, cause reversed and remanded.