### DAVIS et al. v. VICTORIA LAND & LOAN CO.
### No. 3303.

Court of Civil Appeals of Texas. El Paso.
Jan. 23, 1936.

Rehearing Denied Feb. 13, 1936.

Linebaugh & Guittard, of Victoria, for plaintiffs in error.

Crain & Vandenberge, of Victoria, for defendant in error.

WALTHALL, Justice.

On April 6, 1934, the Victoria Land & Loan Company, a corporation, as plaintiff, brought this suit in trespass to try title against Beulah V. Davis, and her husband, Halsey Davis and Y. Cantu, to recover 154.93 acres of land in Victoria county, fully described in the petition, and for rents, damages, and costs of suit.

To the petition the defendants answered not guilty. Plaintiff filed its abstract of title.

On July 10, 1934, plaintiff filed its first amended original petition against the same defendants, and in which amended petition plaintiff alleged, in substance, that beginning in October, 1924, down to the 29th day of October, 1929, defendant Halsey Davis secured various sums of money from the Victoria Bank & Trust Company, in the sum of $3,174.60; said sum evidenced by a promissory note due and payable September 1, 1932, and bearing interest and providing for attorney fees. That the said note not having been paid the said bank, the owner and holder of the note, brought suit thereon, recovered judgment, had execution issued and levied upon said land in controversy, the land sold under the execution at which sale plaintiff became the purchaser, and on the 6th day of July, 1933, the sheriff executed and delivered his sheriff's deed to said land to plaintiff.

The amended petition further alleged that on the 29th day of August, 1929, defendant, without notice to said Victoria Bank & Trust Company, executed a voluntary conveyance to his wife, defendant herein, of said land; that said deed was executed without consideration other than $10 and love and affection, and in fraud of the rights of creditors, etc.

To the amended petition defendants filed no additional answer, but rested upon their former answer of not guilty.

On the trial, all the facts above stated in the amended petition were shown, and about which there was no controversy.

On the trial it was shown that after the levy of the execution on the land in controversy and before the sale of the land under execution, defendant Halsey Davis filed a voluntary petition in bankruptcy in the District Court of the United States for the Eastern District of Texas, Tyler Division, and was duly adjudicated a bankrupt; thereafter, a trustee in bankruptcy, of the bankrupt estate, was appointed and qualified. It was shown on the trial that defendant Halsey Davis owed unsecured creditors other than the Victoria Bank &

Trust Company, and that such debts existed at the time of the filing of his petition in bankruptcy as well as at the time of the adjudication of bankruptcy. It was shown that plaintiff, the Victoria Land & Loan Company, had knowledge of the bankrupt proceedings at the time of the execution sale. It was shown that defendant Y. Cantu was a tenant on the land, and claimed the crops grown thereon for the year 1934. The land in question was not listed in the Davis schedule of property; the land was never claimed by the trustee in bankruptcy, nor had the trustee ever sought to claim or take control of the land as a part of the bankrupt estate by any character of notice, answer, pleading, or intervention in any court.

The case was submitted to the trial court without a jury, and the court canceled the deed from Halsey Davis to his wife, and entered judgment for the plaintiff, Victoria Land & Loan Company, and from which judgment defendants prosecute this appeal by writ of error.

### Opinion.

Plaintiffs in error submit substantially the following: That defendant in error having sued to cancel the conveyance from Halsey Davis to his wife, and sued for the possession of the land covered by such conveyance, and basing its title upon the judgment against Halsey Davis and the execution levy, sale, and sheriff's deed, such judgment, levy, and sale having been made upon the land as the property of Halsey Davis, while the record title was in Mrs. Davis, and where the undisputed evidence shows that within four months after such execution levy and prior to such sale Halsey Davis was declared a bankrupt, a trustee of the bankrupt estate elected and qualified, the land in controversy shown to be a valuable and not a burdensome asset, an outstanding title thus shown in the trustee in bankruptcy, plaintiff in error submits error in rendering judgment in favor of defendant in error for title and possession of the land. The contention of plaintiff in error being that under the issues tendered by the pleadings, and the evidence offered on the trial, the suit of defendant in error is a suit in trespass to try title, and that the title to the land in controversy is either in Mrs. Davis or in the trustee in bankruptcy of the estate of Halsey Davis.

Defendant in error submits several counter propositions to the effect that its original petition was in trespass to try title to the land, but that its amended petition substituted therefor is a suit to cancel the fraudulent deed made by Halsey Davis to his wife, and not a suit in trespass to try title; that plaintiff in error's answer of not guilty was no answer to the petition as amended.

We think we need not decide whether the suit was strictly a statutory suit in trespass to try title. The trial court evidently so regarded it. Plaintiff in error, Y. Cantu, a mere tenant on the land and in possession and interested only in the possession for the purpose of raising and gathering his farm crop, was made a party defendant. We will, however, consider the suit one in trespass to try title.

We do not, however, hold that the court was in error in rendering judgment for defendant in error, by considering the suit one in trespass to try title. The court was not in error in canceling the deed from Halsey Davis to his wife. The evidence clearly shows that Halsey Davis was insolvent at the time he made the conveyance to his wife.

We think the only question to be considered here is the effect of the bankruptcy proceedings upon the suit of defendant in error. As shown by the record, the execution levy under the Victoria Bank's judgment under which judgment and levy the land was sold had been made prior to any bankruptcy proceeding. State courts ordinarily have concurrent jurisdiction with the bankruptcy court in enforcing claims against the bankrupt's property. The rule seems to be well established both in the federal and state courts that the court which first acquires jurisdiction over property of the bankrupt may proceed to a final adjudication of the matter, notwithstanding a plea of bankruptcy or the intervention of the trustee. Saunders v. Given (Tex.Civ.App.) 70 S.W.(2d) 310, and cases there cited; Boone v. Revis, 44 Tex. 384; Bean v. American Trust & Savings Bank (Tex.Civ.App.) 271 S.W. 1111; Stewart v. Comanche Mercantile Co. (Tex.Civ.App.) 147 S.W. 1166. The rule is based upon comity between the federal and state courts that the court which first acquires complete jurisdiction over the parties and subject-matter will be allowed to continue in the exercise of that jurisdiction to final judgment without interference from the other court. Here, though the land was not listed by the bankrupt in the schedule of his property, the trustee knew of such

property and the execution levy, and requested the sheriff of Victoria county to delay action, but the trustee took no further action. Trustees are not bound to accept property either of an onerous or unprofitable character. Planters' Oil Co. v. Gresham (Tex.Civ.App.) 202 S.W. 145; Briggs v. Avary, 47 Tex.Civ.App. 488, 106 S.W. 904 (writ refused); First National Bank v. Lasater, 196 U.S. 115, 25 S.Ct. 206, 49 L.Ed. 408.

In vol. 6, Tex.Juris., the subject of bankruptcy is fully presented, and to which we refer.

We have concluded that the execution levy made by the sheriff of Victoria county under the judgment of the Victoria Bank against Halsey Davis, before the petition in bankruptcy was filed in the federal court, the sale of the land under the execution levy, and the purchase by defendant in error at the sale conveyed to it all land involved in this controversy, and that the trial court was not in error in so holding.

The case is affirmed.