## SIMPSON et ux. v. GLENN.

### No. 8397.

Court of Civil Appeals of Texas. Austin.

March 17, 1937.

Rehearing Denied March 31, 1937.

Vickers, Campbell & Evans, of Lubbock, for appellants.

Jno. B. Daniel, of Temple, and Critz & Woodward, of Coleman, for appellee.

BLAIR, Justice.

Appellee H. C. Glenn, receiver of Temple Trust Company, sued appellants J. R. Simpson and his wife for the balance due on certain notes executed by them to Temple Trust Company, and to foreclose a deed of trust lien on real estate given to secure the notes. Though duly cited, appellants failed to answer or appear, and default judgment was rendered against them as prayed; no personal judgment being taken against Mrs. Simpson. This appeal is from the order overruling the motion to set aside or vacate the default judgment after a full hearing, the motion being filed at the term the default judgment was rendered, but thirty days after the date of the judgment.

The trial court's judgment should be affirmed because appellants did not show any reasonable excuse for failing to appear or answer; and they failed to show any excuse for not filing their motion to set aside or vacate the default judgment until three weeks after they had notice of such default judgment, which they must do under the oft repeated rule that "a motion to vacate or set aside a judgment by default is addressed to the sound discretion of the court rendering the judgment, and its action thereon will be sustained, unless it is clearly shown that the discretion has been abused." 3 Tex.Jur. 1086, 1087, § 762, and cases cited in footnote 19, including Landers v. City of Austin, 278 S.W. 466, by this court.

Appellee's petition was filed May 2, 1935; citation was served upon appellants May 4, 1935. The court convened May 20, 1935, and judgment by default was rendered May 21, 1935, appearance day. Appellants filed an answer May 31, 1935, not verified, setting up usury as defense to a part of the debt sued for by appellee, and that they were ready to pay the alleged balance of $1,056.75 due on the loan contract. On this date the clerk of the court notified counsel for appellants of the default judgment, but they did not file the verified motion to set aside or vacate the default judgment until June 20, 1935, which was heard and overruled June 29, 1935. The motion also alleged the defense of usury as to a part of the debt sued for, and alleged that appellants were ready to pay the balance of $1,056.75 due on the loan contract. As excuse for failure to appear and answer, appellants alleged that on February 2, 1935, appellant S. R. Simpson filed debtor's proceedings under section 75 of the Bankruptcy Act (as added by 47 Stat. 1470, § 1), as amended June, 1934 (48 Stat. 925, §§ 8, 9, and 48 Stat. 1289 [see 11 U.S.C.A. § 203]), in the District Court of the United

States for the Northern District of Texas, Lubbock Division, praying for the relief provided for in said amended Bankruptcy Act, known as the Frazier-Lemke Act. That thereafter, on May 2, 1935, this suit was filed and appellants cited to appear on May 20th; but that thereafter, on May 13, 1935, appellant Simpson petitioned the judge of the United States court at Lubbock for a restraining order to restrain H. C. Glenn, receiver, and his attorney, J. B. Daniel, from prosecuting this suit; and on May 14, 1935, the restraining order was granted without notice, the order reciting that a "certified copy of this order mailed to H. C. Glenn, as Receiver for Temple Trust Company, and his attorney of record, John B. Daniel, both of Temple, Texas, shall constitute sufficient service of this temporary restraining order," which was effective only until May 26, 1935, under its own terms. Appellants further alleged that said notice of the temporary restraining order was served upon the said H. C. Glenn and John B. Daniel; that the default judgment was not only violative of the terms of section 75 of the Bankruptcy Act, which inhibit foreclosure suits being filed after such debtor's proceedings were begun, but also of the temporary restraining order; and that therefore appellants ought to be excused from answering or appearing in this suit on appearance day, and especially so in view of the fact that they filed their answer two days after the Supreme Court of the United States declared the Frazier-Lemke Act unconstitutional. Appellants alleged no excuse for not filing their motion to vacate or set aside the default judgment after they learned of it on May 31, 1935, until three weeks thereafter.

The evidence showed that neither H. C. Glenn nor John B. Daniel, against whom the restraining order was issued, was served with notice thereof, or knew of it on the date the default judgment was rendered.

 It is manifest, aside from any question as to the effect of the suit based upon the void Frazier-Lemke Act on the proceedings in this suit, that appellants failed to show any excuse for not answering in this suit on appearance day. It would have been an easy matter for appellants to have filed a plea setting up the former suit in the federal court, but they did not do so; nor did they show on their motion to vacate the default judgment that the issue of usury was involved in the suit filed under the

Frazier-Lemke Act; and on this issue the state court first acquired jurisdiction. Davis v. Victoria Land & Loan Co. (Tex. Civ.App.) 90 S.W.(2d) 300. Appellants merely sought a temporary restraining order against the plaintiff and his attorney from prosecuting this suit, but did not take any precaution to see that either of them was served with notice thereof; and the undisputed evidence shows that neither of them was so served. Nor did appellants show any excuse whatsoever for failing to file their verified motion to vacate or set aside the default judgment until three weeks after they had notice of the default judgment, and which motion was heard within about thirty-three days of the end of the term at which it was filed; and it was not shown that the court could try the case during the term. Farrell v. Truett, Abernathy & Wolford (Tex.Civ.App.) 60 S.W.(2d) 475.

The judgment of the trial court will be affirmed.

Affirmed.