Opinion issued April 24, 2003







 











In The
Court of Appeals
For The
First District of Texas
 

 
 
NO. 01-02-00701-CR
____________
 
LINDSEY DUGAR, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee
 

 
 
On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 740266
 

 
 
MEMORANDUM OPINION
          A jury convicted appellant, Lindsey Dugar, of aggravated sexual assault and
assessed punishment at confinement for 30 years.


 In a single point of error, appellant
contends that the convicting court erred in denying his motion for post-conviction
DNA testing. We affirm. 
Background
           On August 16, 2001, appellant filed a pro se motion for DNA testing. See
Tex. Code Crim. Proc. Ann. art. 64.01–.05 (Vernon Supp. 2003). Subsequently, on
March 26, 2002, appellant’s counsel filed a second motion for DNA testing. The
State filed a written response with supporting affidavits. The convicting court denied
appellant’s motion without a hearing and issued findings of fact and conclusions of
law.
          In its findings of fact, the convicting court found “based on a review of the trial
court record, that the defensive theory advanced at trial was that the sexual
intercourse was consensual.” The court further found that “identity was not an issue
on the instant case.” In its conclusions of law, the convicting court concluded that
appellant “failed to meet the requirements of 64.03(a)(2).”
Sufficiency of Motion
          Appellant argues that the convicting court erred in denying his motion for DNA
testing because the court erroneously found that identity was not an issue at trial.
          In order to obtain post-conviction DNA testing, an applicant must show that:
(1) evidence, which has been subjected to a sufficient chain of custody to establish
its integrity, exists in a condition making DNA testing possible; (2) identity was or
is an issue in the case; and (3) a reasonable probability exists that he would not have
been prosecuted or convicted if exculpatory results had been obtained through DNA
testing. Tex. Code Crim. Proc. Ann. art. 64.03(a); Thompson v. State, 95 S.W.3d
469, 471 (Tex. App.—Houston [1st Dist.] 2002, pet. filed). We review whether
identity “was or is an issue in the case,” and we do not consider whether future DNA
testing could raise the issue. Bell v. State, 90 S.W.2d 301, 308 (Tex. Crim. App.
2002). 
          Appellant asserted in his first motion for DNA testing that “identity was and
is an issue in this case.” In appellant’s second motion for DNA testing, appellant
conceded that “whether or not sexual activity occurred in this case was not an issue;
consent was the trial issue.” However, appellant further argued in the second motion 
that “he maintained to his trial lawyer from the start that he had not had sexual
intercourse with the complainant,” and that “his identity as the perpetrator of this
offense was always an issue at trial.” In his brief, appellant argues that the issue of
consent was a “defensive theory” used by his counsel as “trial strategy,” which could
not be the basis for the denial of his motion for DNA testing.
          Appellant’s argument is without merit. Although appellant states that identity
was an issue in his case, the record reflects that appellant never challenged the
complainant’s identification of him as the perpetrator. The complainant testified that
appellant, a friend of her then boyfriend, sexually assaulted her at gunpoint. The
record further reflects that Houston Police Officer P.R. Moreno testified that
appellant admitted to engaging in sexual intercourse with the complainant, but that
it was consensual. Appellant did not present witnesses rebutting the testimony of the
complainant or Officer Moreno. Contrary to appellant’s assertions, the issue was not
who sexually assaulted the complainant, but whether the complainant consented to
the alleged sexual intercourse. 
           Accordingly, we hold that the convicting court did not err in denying
appellant’s motion for post-conviction DNA testing.
          We overrule appellant’s sole point of error.
 
 
 
 
 
Conclusion
          We affirm the order of the convicting court.
 
 
                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Hedges, Jennings, and Alcala.

Do not publish. Tex. R. App. P. 47.2(b).