# Hanna v. Steele.

## Bill in Equity to Redeem Land sold under Execution by Sheriff.

1. *Sale of undivided interest in land under execution; right of purchaser to possession.*—Where an undivided half interest in land has been sold under execution and purchaser makes demand of possession, he is not entitled to the *sole* possession of the property.—Code, 1886, § 1880.

2. *Same; bill in equity to redeem.*—Where an undivided half interest in land has been sold under execution, and the debtor offers to give possession of such half interest, but refuses to deliver the other half interest claimed by the purchaser under another source of title, this is a sufficient delivery by the debtor to entitle him, on tendering the purchase money, with ten per cent. *per annum* thereon, and all other lawful charges, to redeem the interest sold.—Code of 1886, § 1881.

APPEAL from DeKalb Chancery Court.

Heard before Hon. THOMAS COBBS.

The appellee, Steele, filled this bill to redeem certain real estate sold by the sheriff. Upon a portion of the land levy had been made on the entire interest therein; on the other portion, levy was made on an undivided interest. The purchaser demanded possession of the entire interest in all the lands so sold; claiming that the undivided interest not sold was his from another source of title than that obtained at the sheriff's sale, and about which there was a controversy between himself and appellee. Appellee surrendered the portion, the entire interest in which had been sold, and offered to give joint possession of that portion, the undivided interest of which had been sold. The appellee's right to redeem that property which was sold by the sheriff, is the question determined in the opinion. The chancellor, on final hearing, decreed that the appellee was entitled to redeem.

SAMUEL F. RICE and L. A. DOBBS, for appellant.

R. A. DUNLAP, *contra.*

CLOPTON, J.—A bill to redeem land sold under an execution must allege that possession was delivered to the pur-

[Hanna v. Steele.]

chaser within ten days after the sale on his demand, and also that the debtor paid, or tendered to the purchaser the purchase money with ten per cent. per annum thereon, and all other lawful charges.—Code, 1886, §§ 1880, 1881; *Stocks v. Young*, 67 Ala. 341. These facts are distinctly alleged in the present bill, and the evidence establishes a sufficient tender. The only question really controverted is, whether possession was delivered to the purchaser as required by the statute. The entire interest in a part, and an undivided interest in another part of the lands were levied on.

At the time of the sale by the sheriff, the complainant, who was the defendant in execution, was in possession claiming the entire estate in all the lands, and was living in a house situated on that part of the land, of which only an undivided half interest was levied on and sold. Complainant delivered possession of that part of land, the entire estate in which was sold, and offered to admit the defendant, who was the purchaser, into joint possession of the part of which an undivided half interest was sold; but defendant demanded that complainant should move out of the house, and deliver sole possession of the entire lands. There was a controversy between complainant and defendant as to the title to the half interest not levied on and sold. A purchaser at an execution sale of land, acquires no greater or other interest therein, than is levied on. If the levy is general upon the entire estate all the right and title of the defendant in execution passes to the purchaser by the sale and the sheriff's deed; but if the levy is upon a partial, or limited and defined interest—an undivided half interest—this is an equivalent of a negation that the entire estate and interest is levied on; and in such case, the purchaser only acquires the undivided half interest. If the complainant had title or estate in the other half interest, he was not divested thereof by the levy, sale and sheriff's conveyance.—*Carrington v. Richardson*, 79 Ala. 101.

The defendant as purchaser was only entitled to the possession of the estate or interest which was levied on and sold, which is all he could recover in an action of ejectment. It was not intended by the statute to require the debtor, as a precedent condition to redemption, to deliver possession of any land, or interest in land, not levied on. On a bill by a debtor to redeem, a court of equity will not suffer itself to be made an instrument to try and determine disputed and controverted titles or claims; nor will it require the debtor

to deprive himself of the vantage ground of possession, on which to try his right to an estate or interest, of which he was not divested by the levy and sale. The complainant offered to deliver to the defendant all the possession which he was entitle to demand.

Affirmed.