# Aycock *v.* Adler.

*Bill in Equity for Redemption, by Judgment Debtor.*

1. *Redemption by judgment debtor; surrender of possession on demand.* On bill to redeem by the judgment debtor (Code, §§ 1879-81), if it appears that he had rented out the land to a tenant, who quit the possession before the sale, and that the purchaser entered, within ten days, without demand, and without objection, this shows a substantial surrender of possession within ten days after the sale.

2. *Same; outstanding title acquired by purchaser, or sub-purchaser.* On bill to redeem by a judgment debtor, showing a substantial compliance with statutory requisitions, neither the purchaser, nor a sub-purchaser under him, can attack the validity of the debtor's original title, or set up, by cross-bill, a title subsequently acquired from a third person.

APPEAL from the Chancery Court of Etowah.

Heard before the Hon. S. K. MCSPADDEN.

The bill in this case was filed on the 7th February, 1888, by Ike Adler, against W. L. Aycock and W. L. Echols; and sought to redeem a house and lot in Gadsden, containing about one acre, which had been sold under execution against the complainant, in January, 1887, and of which the defendants were in possession, as sub-purchasers under Amos E.

Goodhue, the purchaser at the sheriff's sale. The complainant had bought the land at a sale under a mortgage executed by Mrs. Anne E. Wharton to Dean, Whaley & Co., which was dated August 11th, 1883, the mortgagees' conveyance to him being dated July 23d, 1885. The defendants denied the complainant's right to redeem, and attacked the validity of the sale under the mortgage; and having obtained a conveyance to themselves from the trustees in the mortgage, they sought by cross-bill to set aside the complainant's purchase at the mortgage sale, and to be let in to redeem as purchasers from the mortgagor. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree is here assigned as error.

JAMES AIKEN, DORTCH & MARTIN, and GEO. D. MOTLEY, fro appellants.

A. E. GOODHUE, *contra*.

CLOPTON, J.—Appellee seeks by the bill to enforce the statutory right of redemption. The land, which is sought to be redeemed, was sold under an execution against the appellee, and was purchased by Amos E. Goodhue. The bill alleges, and the proof shows, a tender of the purchase-money, with ten per cent. *per annum* thereon, and an offer to pay all lawful charges. Goodhue conveyed the land by quit-claim deed to appellant, Aycock, who conveyed an undivided half interest to his co-appellant. Complainant was in possession of the land at the time of the execution sale, and claimed title by purchase at a sale previously made under a power contained in a mortgage, executed by Mrs. Wharton to Dean, Whaley & Co. After the execution of the mortgage, Mrs. Wharton sold and conveyed the land to Jesse Looney and others, trustees, from whom defendants deduce title, other than the title acquired from the purchaser at the sheriff's sale. Defendants refused to accept the tender of complainant, and denied the right to redeem, on the alleged ground, that the mortgage sale, under which complainant derived title, was void by reasons of irregularities and non-compliance with the conditions of the mortgage.

The statute confers on complainant the right to redeem the land, within two years after the execution sale, if possession was delivered within ten days thereafter, on demand of the purchaser, by paying or tendering the purchase-money,

[Aycock v. Adler.]

with ten per cent. *per annum* thereon, and all other lawful charges.—Code, 1886, §§ 1879-1881. The agreed statement of facts shows, that complainant had rented the land to a tenant, who left it about a month prior to the sheriff's sale, and that within ten days after the sale the purchaser went into possession, without having made demand, and without objection, and remained in possession until he conveyed to Aycock, who has been in possession ever since. The tender and surrender of possession by complainant were sufficient.

A compliance, or tender of compliance with the statutory requirements, has the effect to re-invest the debtor with the title which he possessed at the time of the sale; and the purchaser, if a conveyance has been made to him, is required to re-convey to the debtor such title as he acquired by the purchase. Any other right or title which the purchaser, or those claiming under him, may have acquired after the sale, is not affected by the redemption, and he can not set up such title in bar of a bill to redeem. After the purpose of the statute has been effectuated, by restoring the debtor to the right and possession he had at the time of the sale, the person from whom the debtor redeems may assert any superior title which he may have subsequently obtained, by any appropriate remedy. The object of the cross-bill, filed by defendant, is to call upon the court to determine the validity of the title of the execution debtor. This, the court will not do, on a bill to redeem; such inquiry being foreign to the issues. The essential facts existing—a sale under execution, an entry into possession by the purchaser, and an offer to redeem in compliance with the statute—entitle the complainant to the relief he seeks, without regard to any other title the defendants may have subsequently acquired from any other source.—*Posey v. Pressley*, 60 Ala. 243; *Hanna v. Steele*, 84 Ala. 305.

In the bill, complainant tenders and offers to pay the purchase-money, with ten per cent. *per annum* thereon, and all lawful charges, and avers that he is ready, able and willing to pay, and submits himself to the jurisdiction of the court. Under such offer and submission, the court may compel him to pay as the condition of granting the relief. The bill sufficiently offers to do equity.—*Rogers v. Torbut*, 58 Ala. 523.

Affirmed.