# Steele *v.* Hanna.

*Bill in Equity for Redemption, by Judgment Debtor.*

1. *Redemption by judgment debtor; "ten per cent. per annum" on purchase-money, as part of tender.*—When a judgment debtor seeks to redeem land which has been sold under execution against him, he is required to pay or tender the purchase-money, "with ten per cent. *per annum* thereon" (Code, § 1881); but the ten per cent. is to be calculated only to the day of the tender; and if the tender is refused, and a bill is then filed to enforce the right of redemption, it is error to allow ten per cent. up to the date of the decree.

2. *Same; forfeiture of claim for improvements by purchaser.*—If the purchaser claims compensation for improvements erected by him on the land, but refuses to appoint a referee to ascertain their value (Code, §§ 1889-90), he thereby forfeits his claim to any compensation.

APPEAL from the Chancery Court of DeKalb.

Heard before the Hon. THOS. COBBS.

The bill in this case was filed on the 17th March, 1886, by Frank Steele, against A. B. Hanna; and sought to redeem a tract of land, which had been sold under execution against the complainant, and bought by the defendant.    The sale was made on the 1st December, 1884, the amount of the purchaser's bid being $135.20.    The bill alleged that, "on or about the 12th day of November, 1885, complainant offered to redeem said land, by paying to said Hanna an amount equal to the sum so paid by him to the sheriff, with ten per cent. *per annum* thereon, and all lawful charges;" that the defendant refused to accept the money, and claimed $86 as compensation for improvements erected on the land, but refused to appoint a referee to ascertain the value of such improvements; that the complainant then tendered $200, as the full amount due, and the defendant refused to accept it.

On a hearing on pleadings and proof, the chancellor rendered a decree for the complainant; and his decree was affirmed by

this court, on appeal.—*Hanna v. Steele*, 84 Ala. 305. Afterwards, on a statement of the accounts by the register, he charged the complainant with ten per cent. *per annum* on the purchase-money, up to the date of his report, in November, 1888, and allowed the respondent $40 as the value of his improvements, making the redemption money to be paid by complainant $230. The chancellor overruled some of the complainant's exceptions to the report, but made some corrections in it; and, without ordering a re-reference, he ascertained and decreed that the amount to be paid as redemption money was $202.25, which included ten per cent. *per annum* on the purchase-money up to the date of his decree; and he divided the costs equally between the parties. The complainant appeals from this decree, and assigns each part of it as error.

J. A. WALDEN, for appellant.

L. A. DOBBS, *contra*.

COLEMAN, J.—The appeal is taken from the decree of the court overruling certain exceptions to the report of the register, and from the final decree rendered. On a former appeal of this case, this court declared: "The necessary facts were distinctly alleged in the bill," and "the evidence establishes a sufficient tender."—84 Ala. 305. Whenever a party, authorized to redeem land, makes a sufficient tender of the purchase-money, with ten per cent. *per annum*, and all other lawful charges, such tender has the effect to reinvest him with the title.—Code, § 1881. Ten per centum *per annum* ought not to be allowed where there is a sufficient legal tender.

By section 1889 it is provided, that any person offering to redeem must pay to the person in possession the value of all permanent improvements made by him after he acquired title. If the parties can not agree upon the value of the improvements, each must appoint a referee to ascertain the value thereof. Section 1890 provides that, "If the person offering to redeem declines to nominate a referee, he must pay the value put upon the improvements by the person in possession. If the latter refuses to make such appointment, he forfeits his claim to compensation for such improvements."

The disagreement as to the value of the improvements, the nomination of a referee by the complainant, and the refusal of the defendant to make such appointment, are distinctly alleged in the bill, and fairly proved by the witness Steele; and we find no conflicting testimony on this point.

The register calculated the ten per centum to the day of the

execution of the reference, and this allowance was ratified and confirmed by the court. In the decree of confirmation, the court also allowed the defendant pay for the improvements, which, according to the evidence offered in the cause, and also before the register, had been forfeited under section 1890 of the Code.

Such a construction and application of Rules 89 and 93 of Chancery Practice as would deprive the complainant of the benefit of the answer of Steele made to direct interrogatory No. 3, reserved and relied upon to sustain his exceptions to the rulings of the register, would be too technical and rigid.

Ten per cent. *per annum* on one hundred and thirty-five dollars, the amount of the purchase-money, from December 1, 1884, to October 12, 1885, making a total of one hundred and forty-seven 62-100 dollars, is the full amount to which complainant was entitled, and for which the decree should have been rendered.

A decree will be here rendered by this court, for the proper amount; and the cost of the appeal will be taxed against the appellee. On payment by the appellant of the redemption money as hereby decreed ($147.62), within sixty days, with legal interest from this date, the costs of the suit will be taxed against the appellee; and on default of such payment, within the time specified, the bill will be dismissed, and the costs of the suit taxed against the complainant.

Reversed and rendered.