GEORGE BRIGGS v. J. C. AVARY.

Decided November 16, 1907.

**1.—Bankrupt—Right to Sue.**

Ordinarily the title to the property of a bankrupt passes to the trustee in bankruptcy and the trustee alone is authorized to sue for the same; but a trustee in bankruptcy is not bound to accept property of an onerous or unprofitable character, and as to such property if the trustee refuses to accept the same the title remains in the bankrupt and he may maintain suit for it notwithstanding the pendency of the bankruptcy proceedings. Evidence considered, and held to authorize a bankrupt to sue for property of his estate pending the bankruptcy proceedings.

**2.—Limitation—Possession not Adverse.**

In a suit by A. against B. for the rent of a certain gin site and water power, evidence considered, and held to sustain a finding that B. took and held possession of said property under A., and hence that limitation did not run against A.'s title.

**3.—Conveyance—Gin Site and Water Power—Realty.**

A conveyance of the right to erect and operate a gin and use the water power at a specified place carries with it the right to the land upon which

the gin is to be erected and upon which the water power is situated, and vests in the grantee an assignable estate in land.

Appeal from the District Court of Ward County. Tried below before Hon. James S. Shepherd.

*T. F. Hefner* and *Flanary & Smith,* for appellant.—One who has been adjudged a bankrupt can not, during the pendency of bankruptcy proceedings and before a discharge in bankruptcy or the right to prosecute granted by the court, institute and maintain, in his own name, an original suit with respect to non-exempt property acquired by him before the adjudgment of bankruptcy, the title to which has passed, by operation of law, to, and, is then, vested in the trustee in bankruptcy. 6 Am. Dig., Cent. ed., p. 651 (B), sec. 627; 22 Enc. of Plead. & Prac., p. 364, sub. div. 20; Black on Bankruptcy, p. 249, sec. 70; Pickens v. Dent (C. C. A.), 106 Fed. Rep., 656; 16 Am. & Eng. Ency. of Law (2d ed.), 701.

The court erred in its charge to the jury in that the issues are thereby submitted upon the theory that Avary's interest acquired under and by virtue of the contract between himself and The Margueretta Company was of a real and not of a personal character. Washington v. Missouri, K. & T. Ry., 36 S. W. Rep., 778; Southwestern T. & T. Co. v. Newman, 34 S. W. Rep., 661; Gulf, C. & S. F. Ry. Co. v. Younger, 10 Texas Civ. App., 147; Flint v. Van Hall, 4 Texas Civ. App., 405; Murchison v. Mansur-Tibbets Imp. Co., 37 S. W. Rep., 605; Gulf, C. & S. F. Ry. v. Harriett, 80 Texas, 83; Gulf, C. & S. F. Ry. Co. v. Johnson, 91 Texas, 572; Seligman v. Wilson, 1 App. C. C., 897; Texas & P. Ry. Co. v. Hightower, 12 Texas Civ App., 44; Harter v. Marshall, 3 S. W. Rep., 294; International & G. N. Ry. v. Eason, 35 S. W. Rep., 208.

Appellant having taken exclusive charge of the property with respect to which this suit was brought and owned and operated same as his property for more than two years prior to the filing of the suit to recover rental growing out of the use of same, the statute of two years applies, and the bar is complete against such demand. Connor v. Hawkins, 9 S. W. Rep., 684; Texas Water & Gas. Co. v. City of Cleburne, 21 S. W. Rep., 393; Gould v. City of Paris, 68 Texas, 511.

*McKinzie & Brady,* for appellee.—Trustees in bankruptcy are not bound to accept property of an onerous or unprofitable character, and they have a reasonable time in which to elect whether they will accept or not. If the trustee declines to take the property, the bankrupt can assert title thereto. The waiver by the trustee of the right, title and interest in the property and granting to plaintiff the right to sue, is equal to a refusal to accept the property for the reason above stated, which gives plaintiff right to assert title thereto. First National Bank of Jacksboro v. Lasater, 196 U. S., 115; 49 Law Ed., 408-409, and authorities therein cited; Lawson on Presumptive Evidence, Rule 13, p. 60; same, Rule 14, p. 67.

A subtenant is chargeable with knowledge of the terms of lessee's lease, and one entering under title of another and holding by suf-

ference, is estopped to deny such title.   Missouri, K. & T. Ry. Co. of Texas v. Keahey, 83 S. W. Rep., 1102; Cobb v. Robertson, 99 Texas, 138.

The tenant, or one holding under him, can not dispute the title of his landlord by setting up title either in himself or in a third person during the existence of the lease or tenancy, and one who occupies premises is liable for rent during the period of his occupancy.   This rule applies to tenant at sufferance, or a tenant from year to year, or a subtenant.   Carter v. Town of LaGrange, 60 Texas, 636.; Tyler v. Davis, 61 Texas, 674; McKie v. Anderson, 78 Texas, 207; Ascarete v. Pfaff, 34 Texas Civ. App., 375; 1 Cyc., pp. 1058 and 1062.

CONNER, CHIEF JUSTICE.—J. C. Avary filed this suit in the District Court of Ward County on the 27th day of April, 1904, against Geo. E. Briggs to recover the rental value for the years 1902, 1903, 1904 and 1905 of a certain gin site and of a certain water power used in operating a gin erected on the right of way of an irrigation ditch formerly owned by the Margueretta Company.

The trial resulted in a verdict and judgment for appellee in the sum of seven hundred dollars, and the assignments of error on appeal to this court present two principal questions:   First, did the court properly entertain the suit as against appellant's plea in abatement setting up a want of capacity in appellee to sue?   And if so, was appellee's recovery barred by the two years statute of limitation, as appellant pleaded both by way of exception to appellee's petition and by a special plea to that effect?   We have concluded that both questions must be decided in appellee's favor.

Appellee's pleading and proof shows that he was claiming the premises and water power in question under a conveyance from the Margueretta Company, the then owner, dated May 18, 1896, granting to appellee for the space of ten years from that date "the right and privilege to construct and maintain said gin on said right of way of said canal at the point indicated, and to utilize and employ for said ten years so much of the water fall or power at said point in said canal as may be necessary and proper to run said gin."   The conveyance, however, reserved the right of the company to use or dispose of the "excess or surplus of water power over and above that necessary to properly run said gin," in event there was any such excess.   Appellee's evidence further tends to show that at a subsequent day in 1896 he leased the premises described in the conveyance from the irrigation company, to one G. W. Donaldson for the term of one year, Donaldson agreeing to erect upon said premises and right of way a cotton gin and plant for the ginning of cotton, and to develop the water power in the canal at that point and to pay appellee for the use of the gin site and water power certain specified rent; that Donaldson did erect the gin as agreed upon and at the end of the ginning season of that year, which was about March 1, 1897, appellee again made verbal lease for one year to Donaldson for the specified rent of one hundred and fifty dollars; that in December of 1897 the gin burned; that neither Donaldson nor appellee

thereafter erected or operated a gin, but appellant on the 14th day of December, 1897, secured from the Margueretta Company an instrument in writing which recited the former conveyance to appellee and the reservation of the right to dispose of the surplus water power therein mentioned, and declaring that such surplus then existed, and which conveyed to appellant "the right and privilege to utilize and employ such surplus power for any purpose that he may deem fit and proper;" that yet later, to wit, on September 2, 1898, appellant purchased from G. W. Donaldson the water power and water rights acquired by appellee from the Margueretta Company, and immediately thereafter erected a gin house and plant which he has operated during a majority of the cotton seasons since. It further appears that on the 18th day of May, 1899, appellee was declared and adjudged a bankrupt in the United States District Court for the Western District of Texas at El Paso, and that on the 13th day of June, 1899, John R. Harper was appointed by said court trustee of appellee's individual and personal estate; that Harper afterwards qualified as such trustee, as required by the Act of Congress, and had not resigned or been discharged prior to the institution of this suit, nor has appellee at any time received his discharge as a bankrupt. It was agreed that appellee's right, title or claim, if any, accrued prior to the 6th day of March, 1899, when the bankrupt proceedings were commenced, but it was shown on the hearing of the plea in abatement that on the 8th day of April, 1904, John R. Harper, trustee in bankruptcy, in writing waived all his right, title and interest as trustee in bankruptcy in and to the property above mentioned, and so far as permitted by law so to do, granted to appellee permission to prosecute any rights that he had in the subject matter of the suit.

Ordinarily the title to the property of a bankrupt of whatever character or description (save exempt property) passes to the trustee in bankruptcy, and when thus invested the trustee, during the pendency of the bankrupt proceedings, alone is entitled to sue. But it has been frequently held by the Supreme Court of the United States that trustees in bankruptcy are not bound to accept property of an onerous or unprofitable character, and that they have a reasonable time in which to elect whether they will accept or not. If they decline to take the property the bankrupt can then assert title thereto. First Nat. Bank v. Lasater, 196 U. S., 115; 49 Law Ed., 408, and authorities therein cited. Appellant claimed title under the Donaldson conveyance to him, which in form was antagonistic to appellee's right, and on the trial set up his possession, averring it to have been adverse, and it seems appellee's title under all of the circumstances might reasonably be considered onerous and unprofitable, and while we are not inclined to hold that the title to property once accepted and vested in the trustee can be by such trustee reinvested in the bankrupt, so as to entitle him to sue, by mere written consent, we nevertheless think the written consent of the trustee shown in this case was evidence tending to show that the trustee in fact never accepted or consented to act as trustee for the property in consideration. There is no evidence that he ever

took any other action in relation to it whatever, and we are of opinion that the evidence as a whole supports the conclusion that we must impute to the court's ruling on the plea in abatement that the trustee Harper in fact never accepted appellee's right to the gin site and water power or to the rents and revenues thereof, and that therefore appellee was authorized to institute the suit.

But little need be said on the remaining issue of limitation, as many of the facts already stated are also relevant to that subject. Appellant's conveyance from the Margueretta Company did not purport to convey more than the "surplus" water power, and the evidence otherwise shows that the power in fact is not more than sufficient to operate a gin such as has been operated at the specified place. Both the conveyance from the irrigation company and from Donaldson to appellant recited the conveyance under which appellee claims, and appellant upon the trial while a witness testified that at the time he bought the Donaldson interest Donaldson informed him "that he had arrangements with Avary whereby he was to have use of the site and water power for ten years; he also informed me that he was to gin for Avary each year ten bales of cotton as rental provided Avary had the cotton of his own." Appellant further testified on cross-examination: "Yes, I knew the contents of the contract between J. C. Avary and the Margueretta Company at the time I purchased from Donaldson. Yes, I knew that Avary had leased the premises to Donaldson, and whatever rights Donaldson had by reason of the lease or rental contract from Avary, I succeeded to them by reason of the purchase I made of Donaldson. Yes, I intended to pay Avary for the use of the premises and water power, if Avary had had any cotton to gin, but he did not tender me any cotton to gin. . . . . I knew that Avary had some kind of a contract with Donaldson for the rental of said premises and water power, but I did not inquire of Avary anything about the contract. Yes, when I bought from Donaldson I stepped into Donaldson's shoes, and took whatever contract Donaldson had."

It thus appears that appellant's possession was not of that adverse character necessary to support title to appellee's property in the gin site and water power under the two years statute of limitation. Appellant insists, however, that the conveyance from the Margueretta Company to appellee was no more than appellee's personal privilege to erect a gin and to use the water power specified, but we do not so interpret the conveyance under which appellee claims. Mr. Gould in his work on Waters, section 305, declares the law to be that "if a 'mill' be granted, reserved or devised, either with or without the word 'appurtenances,' it includes not only the mill itself, but the land under it and so much of the land adjacent to it as is necessary to its use or commonly used in connection with it; also, the fixtures used in operating the mill, including its machinery, race, booms, etc., in use or in their appropriate position at the time of the conveyance, and the water privileges appurtenant and essential to the mill, as corporeal hereditaments." The right to erect and operate a gin and use the water power at a specified place therefore certainly carries with it the right to the land

upon which the gin is to be erected and upon which the water power is situated. Appellee's conveyance vested in him an estate in lands that was assignable, or that might be sublet in the absence of any restrictions in the conveyance to him, and there was none. We hence see nothing in the nature of appellee's right that would authorize the conclusion that his right of recovery was barred by limitation on this ground. Of course appellee's right to recover rents for more than two years prior to the institution of his suit would be barred, but so far as we are able to see, he was not permitted by the court's charge to recover rents for a greater period. Besides, appellant, as we interpret his presentation of the case before us, insists upon his plea of limitation upon the ground only that appellee's right to the property from the use of which the rents proceeded has been lost by limitation.

We conclude that there is no error in the proceedings below and that the judgment should be affirmed.

*Affirmed.*

Writ of error refused.