## MESSER v. UNION CENTRAL LIFE INS. CO.

### 6 Div. 279.

Supreme Court of Alabama.

May 18, 1933.

Rehearing Denied June 22, 1933.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellee.

Robert G. Messer, of Birmingham, for appellant.

GARDNER, Justice.

The demurrer is properly to be construed as interposed to the bill as a whole. Mary A. Roberts, Adm'x, v. Ferguson, 226 Ala. 594, 147 So. 894.

Defendant's argument that the bill is repugnant and inconsistent (citing Moog v. Talcott, 72 Ala. 210; Winkleman v. White, 147 Ala. 481, 42 So. 411) appears to be rested upon the erroneous assumption that complainant seeks the foreclosure of a mortgage and also the enforcement of a vendor's lien on the property. Whether there would be merit in the insistence otherwise, we need not stop to inquire, as a reading of the bill discloses that the sale of the land for the enforcement of a vendor's lien is the only relief sought. True, the deed and mortgage were never delivered, but held in escrow. They may nevertheless, together with the notes executed by defendant, be looked to as disclosing the contract between the parties (Jenkins v. Harrison, 66 Ala. 345; Johnston v. Jones, 85 Ala. 286, 4 So. 748; Chapman v. Chunn, 5 Ala. 397), and thus nondelivery does not affect them for this purpose.

Nor is the argument well founded that the bill shows complainant entitled to no relief by reason of the statute of frauds. Such statute is a matter of defense, which must generally be insisted on by answer or plea (Patterson v. Ware, 10 Ala. 444; Shannon v. Wisdom, 171 Ala. 409, 55 So. 102), and unless it affirmatively appears in the bill that a contract declared on is obnoxious to the statute of frauds, a demurrer will not lie (Strouse v. Elting, 110 Ala. 132, 20 So. 123; Manning v. Pippen, 86 Ala. 357, 5 So. 572, 11 Am. St. Rep. 46; 7 Ency. Dig. 548, 549). A reference to the writings above noted discloses that such cannot be said of the bill here considered.

Nor was the bill subject to demurrer for failure to attach as exhibits the deed and mortgage or recite their substance. These instruments were collateral, and not required to be set out in extenso, but may be made reference to according to their legal effect. Nunnally Co. v. Bromberg & Co., 217 Ala. 180, 115 So. 230.

By way of recitation of the consideration, reference is made to the agreement that defendant was to pay a certain note of $43.72 to the Bankers' Mortgage Bond Company. Defendant insists this renders the bill multifarious, in that it involves a debt due the bond company, not a party to the cause. But this sum, it is alleged, was to be paid to complainant and form a part of the consideration of the sale. We find in these averments no element of multifariousness.

We have considered the assignments of demurrer interposed and argued, and conclude they are without merit. The decree will be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.