175 So. 310

CRAWFORD et al. v. HORTON et al.

8 Div. 790.

Supreme Court of Alabama.

May 13, 1937.

Rehearing Denied June 24, 1937.

440

J. A. Lusk & Son, of Guntersville, for appellants.

D. Isbell, of Guntersville, for appellees.

THOMAS, Justice.

The appellants assign error for the overruling of demurrer to the bill.

The averments in that pleading are to be taken as true on demurrer. Lake v. Sealy et al., 231 Ala. 466, 165 So. 399; First Nat. Bank of Opp v. Boles, 231 Ala. 473, 165 So. 586.

The demurrer as filed is treated to the bill as a whole. Wood v. Estes, 224 Ala. 140, 139 So. 331; Messer v. Union Central Life Ins. Co., 227 Ala. 120, 148 So. 852. The demurrer was not directed to any particular aspect, and if in any aspect the bill had equity, such demurrer was properly overruled. City of Birmingham v. Louisville & N. R. Co., 216 Ala. 178, 185, 112 So. 742.

There were two aspects presented by the pleading. First, that Mrs. Lucy E. Campbell had the statutory right of redemption when she became a bankrupt, and the trustee waived any such right that had accrued to the estate in her favor, and that this gave her the authority to sell and transfer the same to appellees Horton and Elder. The second aspect is that if it is held that Mrs. Campbell did not have the right of transfer of her statutory right of redemption to complainants, then Kelly, her trustee in bankruptcy, sought to perfect redemption as trustee for her and her assignor, using their tender and funds to effectuate redemption. This will indicate the inaptness of the general demurrer in this bill for redemption for the party or parties entitled to exercise the statutory right.

The bill avers a mortgage indebtedness of date of December 1, 1922, by J. A. Campbell to the land bank on 563 acres of land, specifically described, in the sum of $8,000, payable by installments, the first maturing on December 1, 1923; that Campbell and wife on January 10, 1923, executed and delivered to J. R. and Lucy Campbell a mortgage on said lands for $9,750; and on July 3, 1923, executed and delivered to the last-named grantees "an absolute deed of conveyance" to said land; that such grantees (or one of them, J. R. Campbell) took immediate possession and continued in the open and notorious possession of same, claiming to be the owner and in rightful possession to the time of the death of Mr. Campbell, on or about August 15, 1924.

The bill alleges default, foreclosure on November 12, 1924, and purchase by mortgagee under the powers within the mortgage by the Federal Land Bank; that immediately after foreclosure the Federal

Land Bank took and continued in possession by and through its agents, claiming under "said Land Bank, down to the present time," the date of filing the bill, October 30, 1936.

It is averred that James R. Campbell died without the state on the date indicated above, leaving at his death a last will and testament conveying all his property, including the land described, to his wife, Lucy E. Campbell. The will and its probation is exhibited and will aid the bill. Grimsley v. First Ave. C. & L. Co., 217 Ala. 159, 115 So. 90; Sturdavant et al. v. First Ave. C. & I. Co., 219 Ala. 303, 122 So. 178. It is further averred that on November 13, 1935, said Lucy E. Campbell was declared a bankrupt by the United States District Court for the Eastern District of the state of Tennessee, at Knoxville, Tenn., and trustees were appointed; that his contract of sale was submitted to the creditors and to the court; that one John M. Kelly was regularly appointed trustee of said bankrupt estate of Lucy E. Campbell; that said regularly appointed and acting trustee entered into a contract of sale of the equitable and statutory right of redemption of said land to Oscar Horton and Carey Elder; that the proposition to sell said right of redemption to Oscar Horton and Carey Elder was submitted to the bankrupt court in the presence of the creditors of said estate; that the trustee, John M. Kelly, at that time reported to the court that there was a Federal Land Bank mortgage against the land and it would take some $10,000 or more to redeem the land and the estate was without funds or resources to perfect such redemption, but that Oscar Horton and Carey Elder had offered the sum of $450 for a deed conveying to them all the right, title, and interest and the equitable and statutory rights of redemption of said land.

It is further alleged in the bill, as to this phase:

"That the Trustee, with the consent and agreement of the creditors of said Bankrupt Estate, recommended that said proposition of Oscar Horton and Carey Elder to buy said rights of redemption of said land be approved and that all the right, title and interest in said land and rights of redemption both equitable and statutory, be sold and transferred to said Carey Elder and Oscar Horton, and this recommendation of said Trustee of said estate, and by the consent of the creditors of said estate was approved by the Court and said Trustee authorized and directed to execute and deliver to said Oscar Horton and Carey Elder, on the consideration herein named, the entire interest of said Bankrupt, Lucy E. Campbell, in and to the lands described in this Bill of Complaint, together with the equitable and statutory rights of redemption of said land from said Federal Land Bank mortgage."

The bankrupt proceedings leading to the making of deed to complainants was attached to and made a part of the bill of complaint as an exhibit, and it is averred that if the attempted sale of said lands to said Horton and Elder has not the effect under the law to transfer to them the right of redemption either equitable or statutory, and if said trustee has not otherwise waived his rights as such trustee to redeem said land, then said Trustee offered and adopted the tender made by Oscar Horton and Carey Elder for the purpose of redeeming said property and joined other complainants in offering to do equity and abide by the orders and decrees of the court, and to pay any additional amount necessary for redemption; that on or about May 14, 1936, complainants served written request on defendants to furnish complainants with the amount of debt and all lawful charges necessary for redemption; that on May 25, or May 26, 1936, respondent presented a statement of the debt and lawful charges claimed for redemption of said land, stating that he was willing to let the land be redeemed and would waive any possible irregularities on the question of redemption and would confer with complainants or their counsel as to the amount of redemption.

No definite agreement as to the amount necessary to redeem was made between the parties. The Federal Lank Bank furnished respondent with statement of amount necessary to redeem, but stated that redemption would have to be perfected through Crawford, the purchaser from the bank. A tender is averred to have been made to Crawford in the sum of $12,411.56 on or about October 10, 1936, with the statement that many of the charges and items were too large and in the case of filing a bill for redemption complainants would contest some or all of said items and ask the court to ascertain the true amounts that should be paid to perfect said redemption. It is averred that the tender of said amount for redemption was refused on the

idea that they did not understand that complainants had the right to redeem said property from said foreclosure sale; that on or about October 19, 1936, Lucy E. Campbell, a bankrupt, sold and conveyed to Oscar Horton and Carey Elder the said land, together with her equitable and statutory right of redemption; that John M. Kelly, trustee of the estate of Lucy E. Campbell, by and through orders of the court and the consent and approval of creditors, had waived his statutory right to redeem said land from said Federal Land Bank mortgage, leaving said bankrupt, Lucy E. Campbell, free to transfer or convey her statutory right or her equitable right of redemption to any one she might see fit; that a copy of said consent agreement is attached as a part of the bill of complaint as Exhibit No. 13. And the bill further alleges "That said Bankrupt, Lucy. E. Campbell, at the time she was declared a bankrupt had at least statutory right to redeem the land in question,—this was a personal privilege and the Trustee in Bankruptcy of the Estate of said Bankrupt at most only had the privilege as such Trustee of redeeming said property for the Bankrupt Estate and this equity of redemption continued in Lucy E. Campbell as against all the world except the Trustee in Bankruptcy and the Trustee in Bankruptcy at most only held the right to exercise and perfect redemption and if the Trustee did not do this and manifested, either, expressly or impliedly, that he had waived this right of redemption (Which he did in this case) the Bankrupt, Lucy E. Campbell, had the right to sell and transfer such right and exercising this privilege did sell the right to redeem to Oscar Horton and Carey Elder."

It is averred that the second tender to Crawford in the sum indicated, with interest thereon at 6 per cent. to October 26, 1936, viz., $12,442.50, was made, the trustee in bankruptcy (John M. Kelly) joining therein, and that a statement was made along with said tender for redemption that many of the charges and items were too large and that in case of the filing of a bill for redemption that complainants would contest some or all of said items and asked the court to ascertain the true amount that should be paid to perfect redemption; that the sum of $12,442.59 was deposited with the court in order to preserve the equity of redemption, subject to the ultimate finding as to what should be paid for redemption; that said offer was refused or failed to be accepted by Crawford. Complainants submitted themselves to the jurisdiction of the court and offered to abide by the decision rendered as to equity in the premises. Cobbs v. Norville, 227 Ala. 621, 151 So. 576; Coburn v. Coke, 193 Ala. 364, 69 So. 574; Cedrom Coal Co. v. Moss, 230 Ala. 32, 159 So. 225.

The bill was amended to read, in part, as follows: "That on December 13, 1935, the Federal Land Bank executed and delivered to Defendant, James M. Crawford, subject to redemption rights, a deed of conveyance to the land described in this Bill of Complaint and the said James M. Crawford executed and delivered to The Federal Land Bank a mortgage on said land for the sum of Seven Thousand Four Hundred ($7,400.00) Dollars to secure the balance purchase price of said land."

The prayer was (1) for redemption from mortgage and from purchaser at foreclosure sale; (2) that the register ascertain the amount necessary for redemption; (3) that complainants be given the right to redeem from the Federal Land Bank and from its purchaser; and (4) that respondents be taxed with the costs.

The second paragraph of the will of Mr. Campbell conveyed to his wife, Lucy E. Campbell, the lands in question. She was therefore a necessary party in her own right and as to her interest acquired by devise from the husband. Hodge v. Joy, 207 Ala. 198, 92 So. 171. The several rules governing redemption have been stated and are well understood. Dewberry et al. v. Bank of Standing Rock et al., 227 Ala. 484, 150 So. 463; DeMoville, pro. ami, etc., v. Merchants & Farmers Bank, 233 Ala. 204, 170 So. 756; Lee v. Macon County Bank, 233 Ala. 522, 172 So. 662; Lytle v. Robertson, 233 Ala. 161, 170 So. 484; Federal Land Bank v. Ozark City Bank, 225 Ala. 52, 142 So. 405.

The difference between the equitable and statutory right of redemption is well stated in the decisions in Moseley v. Ritter, 226 Ala. 673, 148 So. 139; Lee v. Macon County Bank, 233 Ala. 522, 172 So. 662.

The itemized statement given by Crawford in reply to request therefor dated May 16, 1936, was not in compliance with the statute and excused a tender. The corrected statement by the Federal Land Bank does not change the rights of mortgagor or her assigns in the premises. Lee v. Macon County Bank, supra; Johnson v. Williams,

212 Ala. 319, 102 So. 527; sections 10144, 10147, Code 1923.

The complainants had the right to rely on the statement so furnished as it affected the right of the defendant to tender before filing the bill. The fact of the indorsement on the itemized answer made by purchaser, Crawford, totaling amount of $12,143.59, and as being the amount necessary to redeem on such date, is unchanged by his postcript, viz.: "We are willing to waive any objection to your redeeming and will discuss with you the correctness of any of these items." This was not in accord with our decisions defining the statute, nor did it change the statute having application to such a case, or that of the mortgagor's right of redemption. The postscript did not bring the case within the decision of Isom v. Johnson, 205 Ala. 157, 87 So. 543, and the question was the waiver of performance and the right of specific performance of a written contract to convey land.

Adverting to several important dates, complainant had the right to redeem under the statute at any time up to 12 o'clock p. m., November 12, 1936, the Federal Land Bank having foreclosed the mortgage on November 12, 1934. This bill for redemption as filed October 30, 1936, and was, therefore, within the time for redemption as fixed by the statute. Section 10140, Code. The question that is presented for decision on this appeal is whether the complainants, or either of them, have the right of redemption against the purchaser, the Federal Land Bank, and its vendee, James M. Crawford, respondents here.

■ Section 10140 of the Code of 1923 is taken from section 5746 of the Code of 1907. It has been construed by this court that any one having a statutory right of redemption may transfer this right and the transferee of such statutory right can enforce that statutory right of redemption. Whiteman v. Taber, 203 Ala. 496, 499, 83 So. 595; Baker, Lyons & Co. v. Eliasberg & Bros. Mercantile Co., 201 Ala. 591, 79 So. 13; Estes v. Johnson (Ala.Sup.) 174 So. 632;[1] Johnson v. Davis, 180 Ala. 143, 60 So. 799; Ivy v. Hood, 202 Ala. 121, 79 So. 587; Patterson v. Holmes, 202 Ala. 115, 79 So. 581; Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171. In Johnson v. Davis, supra, a trustee in bankruptcy is held to be an assignee of the statutory right of redemption and may enforce it under the statutes. Federal Land Bank v. Ozark City Bank, 225 Ala. 52, 142 So. 405.

■ The statute has been liberally construed to effectuate redemption. Malone v. Nelson, 232 Ala. 243, 167 So. 714.

In Dewberry v. Bank of Standing Rock, 227 Ala. 484, 150 So. 463, the right of the wife to redeem under the statute on submission to the jurisdiction of the court and offering to do equity and pay all sums found due on accounting was maintained. Whiteman v. Taber, 203 Ala. 496, 83 So. 595.

■ On November 13, 1935, Lucy E. Campbell, the party selling to Horton & Elder (on October 19, 1936), went into bankruptcy. The transfer of Mrs. Campbell's statutory right of redemption was made to said Horton & Elder prior to the filing of the bill for redemption on October 30, 1936. What effect did the bankruptcy proceedings have on the transfer of the statutory right of redemption she made to complainants Horton & Elder?

When the record before us and in the bankruptcy proceeding of Mrs. Campbell and her trustee Kelly are considered, a waiver by that trustee by and with the advice of the court, consent of the creditors in favor of the bankrupt as to the right of redemption is shown. And it was authority for Mrs. Campbell, the bankrupt, to deal with that statutory right as she saw fit. DeMoville, pro ami v. Merchants & Farmers Bank, 233 Ala. 204, 170 So. 756. This action on the part of the trustee, after due authorization of the district court, gave Mrs. Campbell, the bankrupt, authority to transfer her right of redemption. The waiver of the trustee related back to the filing of the petition in bankruptcy, or to the order of the court of her adjudication as a bankrupt. Sessions v. Romadka et al., 145 U.S. 29, 12 S.Ct. 799, 36 L.Ed. 609.; Clark v. Clark, 17 How.(58 U.S.) 315, 15 L.Ed. 77.

Mr. Chief Justice Fuller, for the Supreme Court of the United States, said an assignee in bankruptcy was not bound to accept property assigned by the bankrupt to them of an onerous and unprofitable nature which would burden instead of benefit the estate. Such is the rule obtaining as for such properties in the federal court. Sparhawk v. Yerkes, 142 U.S.

---

[1] Ante, p. 191.

1, 12 S.Ct. 104, 35 L.Ed. 915; Dushane v. Beall, 161 U.S. 513, 16 S.Ct. 637, 40 L.Ed. 791.

In Black on Bankruptcy § 321, pp. 719, 720, 721, it is declared: "The trustee's election not to take the property may be manifested formally, as where he gives a written waiver of his right, title, and interest in the property, containing also permission to the bankrupt to deal with it as owner. [Briggs v. Avary, 47 Tex.Civ.App. 488, 106 S.W. 904]. Or he may obtain an order of court directing him to pursue this course, or approving nunc pro tunc an abandonment of the property already made. [In re Josephson (D.C.) 121 F. 142, 9 A. B.R. 345.] But this is not at all necessary, as regards third persons. For the abandonment of the property by the trustee may be conclusively presumed, not only from unreasonable delay in claiming it, as above stated, but also from any conduct on his part which is plainly inconsistent with an election to retain it or to administer it. [Sessions v. Romadka, supra; Fleming v. Courtenay, 98 Me. 401, 57 A. 592, 99 Am. St.Rep. 414; Blk.Bkr.(3d Ed.) 46; Laing v. Fish, 119 Ill.App. 645.]"

This in effect was the conclusion announced in DeMoville v. Merchants & Farmers Bank, 233 Ala. 204, 170 So. 756, 763. Mr. Justice Brown makes this observation: "The effect of the transaction between the trustee and De Moville, the bankrupt, in which the deed was given, was an abandonment by the trustee to De Moville of all rights incident to the protection and recovery of his estate—the equity of redemption—of which he was deprived by the foreclosure if the same was oppressive or wrongful, and as against the mortgagee and those claiming under it the case stood as though bankruptcy had not intervened. Watson v. Motley, 201 Ala. 25, 75 So. 147; All States Life Ins. Co. v. Jaudon, 228 Ala. 672, 154 So. 798, 94 A.L. R. 1128; Houston v. National Mutual Building & Loan Ass'n, 80 Miss. 31, 31 So. 540, 92 Am.St.Rep. 565."

The question of such waiver on the part of a trustee in bankruptcy and the debtor or bankrupt is a transaction between the assignee and trustee representing the parties of immediate interest (creditors, bankrupt, or debtor) and is not available to a third party, as the purchaser at the mortgage sale and his vendee. All the benefits that the latter are entitled to will be safeguarded and accorded by the accounting and decree for redemption from such third parties to the bankrupt proceedings.

When the respondent Crawford purchased the land fom Federal Land Bank (purchaser at foreclosure), it was understood and agreed that the bank had sold the property in question subject to all outstanding rights of redemption from purchaser at the foreclosure sale. This is shown by copy of statement or request therefor from Federal Land Bank, which was an exhibit in the case. Grimsley v. First Ave. C. & L. Co., 217 Ala. 159, 115 So. 90, and by the amendment to the bill.

The trustee in bankruptcy became a party to aid redemption by those entitled to that right; not to defeat it. He participated in the several tenders for redemption made by complainants, Horton & Elder. This effort on his part was to effectuate redemption by the parties entitled to that right.

In Wittmeier v. Cranford, 199 Ala. 1, 73 So. 981, it is declared that although the trustee in bankruptcy is an assignee in contemplation of the redemption statutes, yet that right does not extend under the statute to his grantee or assignee. Federal Land Bank v. Ozark City Bank, 225 Ala. 52, 56, 142 So. 405. The foregoing authority is not conclusive of Mrs. Campbell's right or that of her grantees or assignees, Horton & Elder. This case is within the influence of the DeMoville Case, supra.

It appears that Kelly, as trustee, was improperly joined as party complainant, and should have been more properly made a party respondent. However, there is no appropriate ground of demurrer properly challenging this defect.

There is equity in the bill and the action of the trial court in overruling demurrers to the bill is free from error and is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.