183 So. 868

**CRAWFORD et al. v. HORTON et al.**

**8 Div. 888.**

Supreme Court of Alabama.

Oct. 13, 1938.

J. A. Lusk & Son, of Guntersville, for appellants.

D. Isbell, of Guntersville, for appellees.

THOMAS, Justice.

The bill was to perfect and enforce the statutory right of redemption of lands subject to mortgage.

The question presented is: Did the lower court commit reversible error in the rendition of decrees pursuant to the decision on pleading in this case [Crawford et al. v. Horton et al., 234 Ala. 439, 175 So. 310], where the respective propositions of law were decided. We find no cause to recede from the decisions there made.

The several rules governing redemption are well understood. Crawford v. Horton, supra; Dewberry et al. v. Bank of Standing Rock et al., 227 Ala.

484, 150 So. 463; DeMoville, pro. ami, etc., v. Merchants & Farmers Bank, 233 Ala. 204, 170 So. 756. Mrs. Campbell had the right to redeem the land in her own right as a tenant in common with the husband, as the widow of Mr. Campbell's as to his half interest, and as a devisee of the deceased husband—as the sole owner of the property subject to the mortgage in question to the Federal Land Bank. That is to say, such was her right, omitting for the moment the fact of her bankruptcy. § 10140, Code; Whiteman v. Taber, 203 Ala. 496, 83 So. 595; Hodge v. Joy, 207 Ala. 198, 92 So. 171.

■ Taking into consideration Mrs. Campbell's right as a bankrupt, to transfer her right of redemption and make a proper transfer thereof to the trustees of such court and that of her bankrupt estate, as the owner she had the right against all except her said trustees. If they failed or refused, she could act in her own behalf [Dewberry et al. v. Bank of Standing Rock et al., supra; Whiteman v. Taber, supra], and for her estate. Crawford v. Horton, supra. Under the liberal construction given to effectuate redemption, she also had the right. Malone v. Nelson, 232 Ala. 243, 167 So. 714.

■ It is established that a trustee in bankruptcy is not compelled to redeem encumbered property and may waive that right. DeMoville v. Merchants & Farmers Bank, supra; Watson v. Motley, 201 Ala. 25, 75 So. 147; Crawford et al. v. Horton et al., 234 Ala. 439, 175 So. 310. Such was the action of the tenants.

The bill for redemption was not challenged by additional demurrer after the many questions presented and settled on the former appeal. We, therefore, proceed to a consideration of the several amounts constituting the subject of the decree.

■ In making up this decree interest was counted at 10% on the amount of the bid at forclosure sale to the time of the tender and filing of the bill and paying into court the money, and the legal rate of 6% thereafter until the rendition of the final decree on February 9, 1938. Interest on all other matters or items was computed at 8% until said date of tender and filing the bill and the legal rate of 6% thereafter.

This manner of calculating interest has been approved by this court. Morrison et al. v. Formby, 191 Ala. 104, 108, 67 So. 668; Weathers v. Spears, 27 Ala. 455; Steele v. Hanna, 91 Ala. 190, 9 So. 174; Hanna v. Steele, 84 Ala. 305, 4 So. 271.

■ As to the question of fact as to the legal tender in this case, on the former appeal it was declared of the tender to "Crawford in the sum indicated, with interest thereon at 6 per cent. to October 26, 1936, viz., $12,442.50, was made, the trustee in bankruptcy (John M. Kelly) joining therein, and that a statement was made along with said tender for redemption that many of the charges and items were too large and that in case of the filing of a bill for redemption that complainants would contest some or all of said items and asked the court to ascertain the true amount that should be paid to perfect redemption; that the sum of $12,442.59 was deposited with the court in order to preserve the equity of redemption, subject to the ultimate finding as to what should be paid for redemption; that said offer was refused or failed to be accepted by Crawford. Complainants submitted themselves to the jurisdiction of the court and offered to abide by the decision rendered as to equity in the premises. Cobbs v. Norville, 227 Ala. 621, 151 So. 576; Coburn v. Coke, 193 Ala. 364, 69 So. 574; Cedrom Coal Co. v. Moss, 230 Ala. 32, 159 So. 225." 175 So. 312.

This record shows that the sum of money offered in legal tender to J. M. Crawford and to his attorney and representative, was in excess of the amount necessary to effectuate redemption under the statute.

It may be further noted that on the question of tender complainants called on defendants Crawford and The Federal Land Bank to furnish itemized statement of debt and lawful charges for redemption; and in submitting the amounts necessary for redemption, they made the following notation on the statement: "P. S. We are willing to waive any objection to your redeeming and will discuss with you the correctness of any of these items. J. M. Crawford, M. D."

This was held on the former appeal to be a waiver of the requirement or duty of complainants, Horton and Elder, to make tender.

Complainants did the only thing left open for them, and that was to file the bill of complaint and deposit the money in court necessary for redemption. This they

did, and deposited several hundred dollars more than they were required to pay under the decree of the lower court in order to save the law suit.

The complainants below have met every requirement on the question of legal tender in this case and they occupy before this Court the position that they made a legal tender on or before October 30, 1936, before the filing of the bill, and are entitled to all protection of redemptioners who have made the legal tender, or that such legal tender was waived by appellants, defendants below.

 Appellants' further defense is that the complainants as calling on defendants for the amount necessary to redeem abandoned the right to redeem by failing to follow up this demand by appointing arbitrators as to the permanent improvements. This was waived by defendants as they stated in answer to the demand for a bill of particulars and amounts to redeem that they would waive all irregularities and discuss the question of the amount required to redeem. Crawford v. Horton, supra. It is the law that if the redemptioners, those seeking to redeem, accept the amount claimed for permanent improvements, there is no necessity of appointing arbitrators to fix an amount, and in this case the complainants did accept the amount and tendered the full amount that defendants stated they were entitled to for permanent improvements. The rule is that if redemptioners do not reply and object to the amount set out for permanent improvements asked for by the party holding the legal title, that the redemptioners are chargeable with the amount claimed for permanent improvements. This amount was accepted and tender made by complaints pursuant thereto.

On the former appeal it was observed that: "Bankruptcy trustee's waiver of rights with respect to bankrupt's statutory right to redeem mortgaged land after assignment of right by bankrupt is a transaction between bankrupt's assignee and trustee and is not available to a third party, such as purchaser. at foreclosure sale and his vendee."

We have examined the record and hold there was no error in allowing complainants right of redemption from The Federal Land Bank, and from its vendee James M. Crawford. It was agreed that as between the bank and Crawford, the former had sold the property to the latter subject to the outstanding right of redemption from the purchaser at the foreclosure sale or its transferee.

There was no error in the decree referring the matter to the register to ascertain and report the amount of the indebtedness, the taxes paid on the lands by defendants, the kind and value of permanent improvements placed thereon by either of defendants, and the value of the rents on the property from October 30, 1936, to the time of the decree.

The decree of date of February 9, 1938, is likewise free from error and in accord with the decision on the first appeal. The evidence sustained the complainants' pleading.

The rule that obtains as to confirmation of the report of a register based on oral testimony is understood and need not be restated. Garrett v. Snowden, 226 Ala. 30, 145 So. 493; Ex parte Harris, 228 Ala. 88, 152 So. 449; Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Patterson v. Lovelady, 233 Ala. 554, 172 So. 646.

It results that there was no error in the decrees of the trial court, and the same are affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.